

12 CIV 5313

CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

JUDGE SWAIN

*RECEIVED*
JUL 09 2012
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

| | | |
|---|---|---|
| KARLY ESPINAL, GREGORIO VASQUEZ, JESUCRISTO SANTOS LUNA, YAN CARLOS MENA, NELSON DIAZ, ENGLES RODRIGUEZ, EDDY NUNEZ, MIGUEL AGRAMONTE-BAEZ, CORPUS PEREZ, SANTOS ROJAS-FRIAS, and JUAN N. NUNEZ, on behalf of themselves and others similarly situated, | : : : : : : : : : | Case No.  **COMPLAINT**  FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION |
| Plaintiffs, | : : | |
| -against- | : : : | **Jury Trial Demanded** |
| SHINOBI NY LLC d/b/a/ NINJA NEW YORK, HARUO YAZAKI, and JOHN DOES 1-10, | : : : | |
| Defendants. | : | |

-----------------------------------------------------------------------------X

Plaintiffs KARLY ESPINAL, GREGORIO VASQUEZ, JESUCRISTO SANTOS

LUNA, YAN CARLOS MENA, NELSON DIAZ, ENGLES RODRIGUEZ, EDDY

NUNEZ, MIGUEL AGRAMONTE-BAEZ, CORPUS PEREZ, SANTOS ROJAS-

FRIAS, and JUAN N. NUNEZ (hereinafter, "Plaintiffs"), on behalf of themselves and

other similarly situated employees, by and through their undersigned attorneys, Cilenti &

Cooper, PLLC, file this Complaint against Defendants, SHINOBI NY LLC d/b/a NINJA

NEW YORK ("NINJA"), HARUO YAZAKI, and JOHN DOES 1-10 (collectively

referred to as "Defendants"), and state as follows:

## INTRODUCTION

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law, arising from Defendants' failure to pay non-exempt employees overtime compensation for all hours worked over forty (40) hours per workweek.

2.      Upon information and belief, for at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the FLSA and New York Labor Law by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked above forty (40) hours in a workweek.

3.      Plaintiffs allege that, pursuant to the FLSA, they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

5.      Plaintiffs typically worked five (5) or six (6) days per week.

6.      Plaintiffs were not paid overtime compensation.

7.      Plaintiffs bring this action for the recovery of overtime compensation, as well as for other violations of the FLSA and New York Labor Law.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

10.     Plaintiffs KARLY ESPINAL, GREGORIO VASQUEZ, JESUCRISTO SANTOS LUNA, NELSON DIAZ, ENGLES RODRIGUEZ, and SANTOS ROJAS-FRIAS are each residents of New York County, New York.

11.     Plaintiffs YAN CARLOS MENA, EDDY NUNEZ, MIGUEL AGRAMONTE-BAEZ, and CORPUS PEREZ, are each residents of Bronx County, New York.

12.     Plaintiff JUAN N. NUNEZ is a resident of Hudson County, New Jersey.

13.     Defendant, NINJA, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 25 Hudson Street, New York, New York 10013.

14.     Defendant HARUO YAZAKI is an owner, shareholder, officer, director, supervisor, managing agent and/or proprietor of NINJA, whose address is unknown at this time, and who actively participated and continues to participate in the day-to-day operations of NINJA, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with NINJA.

15.     Defendants, JOHN DOES 1-10, are individual officers, directors, supervisors, proprietors, and/or managers of NINJA who may have personal liability for unpaid wages under the FLSA and New York Labor Law for having acted directly or indirectly in the interest of the employer and whose true names and identities are unknown at this time.  Plaintiffs will seek to amend the Complaint to allege the true names of these individuals when they become known.

16.     Defendant, John Doe, known as "Toru," is a manager and/or supervisor of NINJA, and has been one of Plaintiffs' supervisors at times relevant to this action, and who actively participated and continues to participate in the day-to-day operations of NINJA, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with NINJA.

17.     Plaintiff, KARLY ESPINAL, was continuously employed by Defendants in New York County, New York to work as a non-exempt cook for Defendants' high-end Japanese restaurant known as Ninja New York, from on or about March 8, 2007 until on or about November 5, 2011.

18.     Plaintiff, GREGORIO VASQUEZ, has been continuously employed by Defendants in New York County, New York to work as a non-exempt cook for Defendants' high-end Japanese restaurant known as Ninja New York from on or about September 10, 2004 through the present date.

19.     Plaintiff, JESUCRISTO SANTOS LUNA, has been continuously employed by Defendants in New York County, New York to work as a non-exempt dishwasher and cook for Defendants' high-end Japanese restaurant known as Ninja New York from on or about November 11, 2011 through the present date.

20.     Plaintiff, YAN CARLOS MENA, has been continuously employed by Defendants in New York County, New York to work as a non-exempt dishwasher and cook for Defendants' high-end Japanese restaurant known as Ninja New York from on or about April 5, 2011 through the present date.

21.     Plaintiff, NELSON DIAZ, has been continuously employed by Defendants in New York County, New York to work as a non-exempt dishwasher and cook for Defendants' high-end Japanese restaurant known as Ninja New York from on or about May 6, 2010 through the present date.

22.     Plaintiff, ENGLES RODRIGUEZ, has been continuously employed by Defendants in New York County, New York to work as a non-exempt dishwasher and cook for Defendants' high-end Japanese restaurant known as Ninja New York from in or about May 2010 through the present date.

23.     Plaintiff, EDDY NUNEZ, has been continuously employed by Defendants in New York County, New York to work as a non-exempt dishwasher and cook for Defendants' high-end Japanese restaurant known as Ninja New York from in or about May 2009 through the present date.

24.     Plaintiff, MIGUEL AGRAMONTE-BAEZ, has been continuously employed by Defendants in New York County, New York to work as a non-exempt

dishwasher and cook for Defendants' high-end Japanese restaurant known as Ninja New York from on or about January 9, 2007 through the present date.

25.    Plaintiff, CORPUS PEREZ, was continuously employed by Defendants in New York County, New York to work as a non-exempt cleaner for Defendants' high-end Japanese restaurant known as Ninja New York from in or about September 2008 until in or about July 2010.

26.    Plaintiff, SANTOS ROJAS-FRIAS, was continuously employed by Defendants in New York County, New York to work as a non-exempt cook for Defendants' high-end Japanese restaurant known as Ninja New York from in or about June 2007 until in or about February 2011.

27.    Plaintiff, JUAN N. NUNEZ, was employed by Defendants in New York County, New York to work as non-exempt line cook from in or about June 2005 until in or about January 2008, and again from in or about July 2010 until in or about March 2011.

28.    At all relevant times, NINJA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

29.    At all relevant times, the work performed by Plaintiffs was and continues to be directly essential to the business operated by NINJA.

30.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

31.    Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

**STATEMENT OF FACTS**

32.     On or about March 8, 2007, Plaintiff KARLY ESPINAL was hired by Defendants to work as a non-exempt cook for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

33.     Plaintiff continuously worked for the Defendants in such capacity until on or about November 5, 2011.

34.     Plaintiff typically worked over forty (40) hours per week.

35.     Plaintiff typically worked six (6) days a week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

36.     Throughout the entirety of Plaintiff's employment, he was not paid overtime compensation.  From the beginning of his employment and continuing through approximately December 2007, Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

37.     Beginning in or about January 2008 and continuing through approximately December 2008, Plaintiff typically worked six (6) days a week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

38.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $10 per hour, straight time for all hours worked, and worked

approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

39.     Beginning in or about January 2009 and continuing through approximately December 2009, Plaintiff typically worked six (6) days a week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

40.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $11 per hour, straight time for all hours worked, and worked approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

41.     Beginning in or about January 2010 and continuing through the remainder of Plaintiff's employment on or about November 5, 2011, Plaintiff typically worked six (6) days a week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

42.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $12 per hour, straight time for all hours worked, and worked approximately sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

43.     On or about September 10, 2004, Plaintiff GREGORIO VASQUEZ was hired by Defendants to work as a non-exempt cook for the Defendants' high-end

Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

44.    Plaintiff has worked continuously for the Defendants in such capacity through the present date.

45.    Plaintiff typically works over forty (40) hours per week.

46.    Throughout the entirety of Plaintiff's employment, he has not been paid overtime compensation.  During the relevant six (6) year limitations period beginning in July 2006 and continuing through approximately December 2006, Plaintiff typically worked six (6) days per week, and his work shift normally consisted of eleven (11) hours per day, from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

47.    During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $12 per hour, straight time for all hours worked, and worked approximately sixty (60) hours per week.  Work performed above forty (40) hours per week has not been paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

48.    Beginning in or about January 2007 and continuing through in or about December 2010, Plaintiff typically worked six (6) days per week, and his work shift normally consisted of eleven (11) hours per day, from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

49.    During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $13 per hour, straight time for all hours worked, and worked approximately sixty (60) hours per week.  Work performed above forty (40) hours per

week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

50.     Beginning in or about January 2011 and continuing through the present date, Plaintiff typically works five (5) days a week, and his work shift normally consists of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

51.     During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $13 per hour, straight time for all hours worked, and works approximately fifty (50) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

52.     On or about November 11, 2011, Plaintiff JESUCRISTO SANTOS LUNA was hired by Defendants to work as a non-exempt dishwasher for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

53.     Approximately three (3) months later, Plaintiff was promoted to the non-exempt position of cook.

54.     Plaintiff has worked continuously for the Defendants in such capacities through the present date.

55.     Plaintiff typically works over forty (40) hours per week.

56.     Plaintiff typically works five (5) days per week.

57.     Throughout the entirety of Plaintiff's employment, he has not been paid overtime compensation.  While employed as a dishwasher from the beginning of his

employment through approximately January 2012, Plaintiff typically worked ten (10) hours per day from 5:00 p.m. until 3:00 a.m., with no allotted break time.

58.     During this period Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

59.     Upon being promoted to the position of cook in or about February 2012 and continuing through the present date, Plaintiff typically works five (5) days per week, and his work shift normally consists of eight (8) hours per day from 5:00 p.m. until 1:00 a.m. three (3) times per week; and nine (9) hours per day from 4:00 p.m. until 1:00 a.m. two (2) times per week, with no allotted break time.

60.     During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $9 per hour, straight time for all hours worked, and works approximately forty-two (42) hours per week.  Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

61.     On or about April 5, 2011, Plaintiff YAN CARLOS MENA was hired by Defendants to work as a non-exempt dishwasher for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

62.     After approximately three (3) months, Plaintiff was promoted to the non-exempt position of cook.

63.     Plaintiff has worked continuously for the Defendants in such capacities through the present date.

64.     Plaintiff typically works over forty (40) hours per week.

65.     Plaintiff typically works five (5) days per week.

66.     Throughout the entirety of Plaintiff's employment, he has not been paid overtime compensation.   While employed as a dishwasher from the beginning of his employment through approximately June 2011, Plaintiff typically worked ten (10) hours per day from 5:00 p.m. until 3:00 a.m., with no allotted break time.

67.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.   Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

68.     Upon being promoted to the position of cook in or about July 2011 and continuing through the present date, Plaintiff typically works five (5) days per week, and his work shift normally consists of ten (10) hours per day from 11:00 a.m. until 9:00 p.m. three (3) times per week; and ten (10) hours per day from 3:00 p.m. until 1:00 a.m. on Friday and Saturday, with a one (1) hour meal break each day.

69.     During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $9 per hour, straight time for all hours worked, and works approximately forty-five (45) hours per week.   Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

70.     On or about May 6, 2010, Plaintiff NELSON DIAZ was hired by Defendants to work as a non-exempt dishwasher for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

71.     After approximately seven (7) months, Plaintiff was promoted to the non-exempt position of cook.

72.     Plaintiff has worked continuously for the Defendants in such capacities through the present date.

73.     Plaintiff typically works over forty (40) hours per week.

74.     Plaintiff typically works five (5) days per week.

75.     Throughout the entirety of Plaintiff's employment, he has not been paid overtime compensation.  While employed as a dishwasher from the beginning of his employment through approximately December 2010, Plaintiff typically worked ten (10) hours per day from 5:00 p.m. until 3:00 a.m., with no allotted break time.

76.     During this period Plaintiff was not paid overtime compensation.  Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

77.     Upon being promoted to the position of cook in or about January 2011 and continuing through approximately February 2011, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

78.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $10 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

79.     Beginning in or about March 2011 and continuing through approximately June 2011, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

80.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $11 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

81.     Beginning in or about July 2011 and continuing through the present date, Plaintiff typically works five (5) days per week, and his work shift normally consists of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

82.     During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $12 per hour, straight time for all hours worked, and works approximately fifty (50) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

83.    In or about May 2010, Plaintiff ENGLES RODRIGUEZ was hired by Defendants to work as a non-exempt dishwasher for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

84.    After approximately seven (7) months, Plaintiff was promoted to the non-exempt position of cook.

85.    Plaintiff has worked continuously for the Defendants in such capacities through the present date.

86.    Plaintiff typically works over forty (40) hours per week.

87.    Plaintiff typically works five (5) days per week.

88.    Throughout the majority of Plaintiff's employment, he has not been paid overtime compensation.  While employed as a dishwasher from the beginning of his employment through approximately June 2010, Plaintiff typically worked six (6) hours per day from 8:00 p.m. until 2:00 a.m., with no allotted break time.

89.    During this period Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately thirty (30) hours per week.  Thus, Plaintiff makes no claim for unpaid overtime during this period.

90.    Beginning in or about July 2010 and continuing through approximately December 2010, Plaintiff typically worked six (6) hours per day from 8:00 p.m. until 2:00 a.m. three (3) times per week; and nine (9) hours per day from 5:00 p.m. until 2:00 a.m. two (2) times per week, with no allotted break time.

91.     During this period Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately thirty-six (36) hours per week.  Thus, Plaintiff makes no claim for unpaid overtime during this period.

92.     Upon being promoted to the position of cook in or about January 2011 and continuing through approximately June 16, 2012, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

93.     During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $10 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

94.     Beginning on or about June 17, 2012 and continuing through the present date, Plaintiff typically works five (5) days per week, and his work shift normally consists of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

95.     During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $11 per hour, straight time for all hours worked, and works approximately fifty (50) hours per week.  Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

96.    In or about May 2009, Plaintiff EDDY NUNEZ was hired by Defendants to work as a non-exempt dishwasher for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

97.    After approximately seven (7) months, Plaintiff was promoted to the non-exempt position of cook.

98.    Plaintiff has worked continuously for the Defendants in such capacities through the present date.

99.    Plaintiff typically works over forty (40) hours per week.

100.    Plaintiff typically works five (5) days per week.

101.    Throughout the majority of Plaintiff's employment, he has not been paid overtime compensation.  While employed as a dishwasher from the beginning of his employment through approximately December 2009, Plaintiff typically worked ten (10) hours per day four (4) times per week, from 5:00 p.m. to 3:00 a.m.; and seven (7) hours one (1) time per week from 5:00 p.m. to 12:00 a.m., with no allotted break time.

102.    During this period Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately forty-seven (47) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

103.    Upon being promoted to the position of cook in or about January 2010 and continuing through approximately December 2010, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

104.   During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $10 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

105.   Beginning in or about January 2011 and continuing through approximately June 2011, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

106.   During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $11 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

107.   Beginning in or about July 2011 and continuing to approximately June 7, 2012, Plaintiff typically worked four (4) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m. three (3) times per week, with a one (1) hour meal break; and six (6) hours on Sundays from 5:00 p.m. until 11:00 p.m., with no allotted break time.

108.   During this period Plaintiff was paid $11 per hour, straight time for all hours worked, and worked approximately thirty-six (36) hours per week.  Thus, Plaintiff makes no claim for unpaid overtime during this period.

109.   Beginning on or about June 8, 2012 and continuing through the present date, Plaintiff typically works five (5) days per week, and his work shift normally consists of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m. four (4) times per week, with a one (1) hour meal break, and seven (7) hours one (1) time per week from 5:00 p.m. to 12:00 a.m., with no allotted break time.

110.   During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $11 per hour, straight time for all hours worked, and works approximately forty-seven (47) hours per week.  Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

111.   On or about January 9, 2007, Plaintiff MIGUEL AGRAMONTE-BAEZ was hired by Defendants to work as a non-exempt dishwasher for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

112.   After approximately three (3) months, Plaintiff was promoted to the non-exempt position of cook.

113.   Plaintiff has worked continuously for the Defendants in such capacities through the present date.

114.   Plaintiff typically works over forty (40) hours per week.

115.   Plaintiff typically works five (5) days per week.

116.   Throughout the entirety of Plaintiff's employment, he has not been paid overtime compensation.  While employed as a dishwasher from the beginning of his

employment through approximately March 2007, Plaintiff typically worked ten (10) hours per day, from 5:00 p.m. to 3:00 a.m., with no allotted break time.

117.    During this period Plaintiff not paid overtime compensation.  Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

118.    Upon being promoted to the position of cook in or about April 2007 and continuing through approximately December 2007, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

119.    During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $10 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

120.    Beginning in or about January 2008 and continuing through approximately December 2008, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) meal break.

121.    During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $11 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per

week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

122.    Beginning in or about January 2009 and continuing through approximately December 2009, Plaintiff typically worked five (5) days per week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

123.    During this period, Plaintiff was not paid overtime compensation. Plaintiff was paid $12 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

124.    Beginning in or about January 2010 and continuing through the present date, Plaintiff typically works five (5) days per week, and his work shift normally consists of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

125.    During this period, Plaintiff has not been paid overtime compensation. Plaintiff is paid $13 per hour, straight time for all hours worked, and works approximately fifty (50) hours per week.  Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

126.    In or about September 2008, Plaintiff CORPUS PEREZ was hired by Defendants to work as a non-exempt cleaner for the Defendants' high-end Japanese

restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

127.    Plaintiff worked continuously for the Defendants in such capacity until in or about July 2010.

128.    Plaintiff typically worked over forty (40) hours per week.

129.    Throughout the entirety of Plaintiff's employment, he was not paid overtime compensation.  Plaintiff typically worked five (5) days per week, and his work shift normally consisted of ten (10) hours per day, from 8:00 a.m. until 6:00 p.m., with a one (1) hour meal break.

130.    For the entirety of Plaintiff's employment, Plaintiff was paid $9 per hour, straight time for all hours worked, and worked approximately forty-five (45) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

131.    In or about June 2007, Plaintiff SANTOS ROJAS-FRIAS was hired by Defendants to work as a non-exempt cook for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

132.    Plaintiff worked continuously for the Defendants in such capacity until in or about the end of February 2011.

133.    Plaintiff typically worked over forty (40) hours per week.

134.    Throughout the entirety of Plaintiff's employment, he was not paid overtime compensation.  Plaintiff typically worked five (5) days per week, and his work

shift normally consisted of eleven (11) hours per day, from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

135.    For the entirety of Plaintiff's employment, Plaintiff was paid $10 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

136.    In or about June 2005, Plaintiff JUAN N. NUNEZ was hired by Defendants to work as a non-exempt line cook for the Defendants' high-end Japanese restaurant known as Ninja New York, located at 25 Hudson Street, New York, New York.

137.    Plaintiff continuously worked for the Defendants in such capacity until in or about January 2008.

138.    Plaintiff was then re-hired by Defendants to work as a line cook in or about July 2010.  Plaintiff worked continuously for the Defendants in such capacity until in or about March 2011.

139.    Plaintiff typically worked over forty (40) hours per week.

140.    Throughout the entirety of Plaintiff's employment, he was not paid overtime compensation.  During the relevant six (6) year limitations period beginning in July 2006, and continuing through approximately January 2008, Plaintiff typically worked five (5) days a week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

141.    During this period, Plaintiff was paid $12 per hour, straight time for all hours worked, and worked approximately fifty (50) hours per week. Work performed

above forty (40) hours per week was not paid at the statutory rate of time and one-half
Plaintiff's regular rate of pay as required by state and federal law.

142.     Upon returning to work for the Defendants in or about July 2010 and
continuing through approximately August 2010, Plaintiff typically worked five (5) days a
week, and his work shift normally consisted of eleven (11) hours per day from 1:00 p.m.
until 12:00 a.m., with a one (1) hour meal break.

143.     Beginning at this time, Plaintiff would occasionally work an eight (8) hour
shift from 4:00 p.m. until 12:00 a.m.  During such shifts, Plaintiff was not afforded a
meal break.

144.     During this period, Plaintiff was not paid overtime compensation.
Plaintiff was paid $11 per hour, straight time for all hours worked, and worked
approximately forty-five (45) to fifty (50) hours per week. Work performed above forty
(40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's
regular rate of pay as required by state and federal law.

145.     Beginning in or about September 2010 and continuing through the
remainder of Plaintiff's employment in or about March 2011, Plaintiff typically worked
five (5) days a week, and his work shift normally consisted of eleven (11) hours per day
from 1:00 p.m. until 12:00 a.m., with a one (1) hour meal break.

146.     Plaintiff would occasionally work an eight (8) hour shift from 4:00 p.m.
until 12:00 a.m.  During such shifts, Plaintiff was not afforded a meal break.

147.     During this period, Plaintiff was not paid overtime compensation.
Plaintiff was paid $12 per hour, straight time for all hours worked, and worked
approximately forty-five (45) to fifty (50) hours per week. Work performed above forty

(40) hours per week was not paid at the statutory rate of time and one-half Plaintiff's regular rate of pay as required by state and federal law.

148.   Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

149.   Defendant, HARUO YAZAKI, is an individual who, upon information and belief, own the stock of NINJA, owns NINJA, exercises substantial control over the functions of NINJA, and manages and makes all business decisions, including, but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work, oversees employee job performance, and has authority to hire and fire employees.

150.   At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and/or pay records.

## COLLECTIVE ACTION ALLEGATIONS

151.   Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since July 6, 2006 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

152.    Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

153.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

154.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

155.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it

virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

156.   Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.   Whether the Defendants employed Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA in an area where Plaintiffs were employed, in violation of C.F.R. § 516.4;

e.   Whether the Defendants failed to pay the Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.      Whether the Defendants failed to create and maintain adequate records of the pay received by the Plaintiffs and the Collective Action Members in violation of federal and state law;

g.      Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

h.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

157.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

158.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

159.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

160.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since July 6, 2006 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime compensation in violation of the New York Labor Law (the "Class").

161.    Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and

precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Class consists of all non-managerial current and former employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

162.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

163.    The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

164.    Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

165.    Plaintiffs will fairly and adequately protect the interests of the NY Class Members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that he may not favor their own interests over those of the Class or Collective Action Members.

166.    Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

167.    Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

168.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a.   Whether the Defendants employed Class members within the meaning of the New York Labor Law;

   b.   Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

   c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d.   Whether the Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the New York Labor Law in an area where Plaintiffs and members of the Class were employed;

   e.   Whether the Defendants failed to pay the Plaintiffs and members of the Class overtime compensation for all hours worked in excess of

forty (40) hours per workweek, in violation of the New York Labor Law and the Regulations promulgated thereunder;

f.   Whether the Defendants failed to create and maintain adequate records of the pay received by the Plaintiffs and members of the Class in violation of the New York Labor Law; and,

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

169.   Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "168" of this Complaint as if fully set forth herein.

170.   At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

171.   At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

172.   Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

173.   Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

174.   Defendants have failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

175.   At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

176.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

177.   As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

178.   Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

179.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

180.   Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

181.   Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

182.   Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "181" of this Complaint as if fully set forth herein.

183.   At all relevant times, Defendants employed Plaintiffs and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

184.   Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

185.   Defendants failed to furnish Plaintiffs and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 138-3.2; 146-2.3.

186.   Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

187.   Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 138-3.1; 146-2.1.

188.   Defendants failed to properly disclose or apprise Plaintiffs and members of the Class of their rights under the New York Labor Law.

189.   Due to the Defendants' New York Labor Law violations, Plaintiffs and members of the Class are entitled to recover from Defendants their unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

190.   Plaintiffs and members of the Class also seek liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, KARLY ESPINAL, GREGORIO VASQUEZ, JESUCRISTO SANTOS LUNA, YAN CARLOS MENA, NELSON DIAZ, ENGLES RODRIGUEZ, EDDY NUNEZ, MIGUEL AGRAMONTE-BAEZ, CORPUS PEREZ, SANTOS ROJAS-FRIAS, and JUAN N. NUNEZ on behalf of themselves and all

similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(d)     An award of liquidated damages and/or civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
       July 9, 2012

                                   Respectfully submitted,

                                   CILENTI & COOPER, PLLC
                                   *Attorneys for Plaintiffs*
                                   708 Third Avenue – 6th Floor
                                   New York, NY 10017
                                   Telephone  (212) 209-3933
                                   Facsimile  (212) 209-7102
                                   jcilenti@jcpclaw.com

                            By:    _____
                                   Justin Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Karly Espinal_ , am an employee formerly employed by

_Shinoby Rest._ , and/or related entities. I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
   _6 - 21_ , 2012

Sworn to before me this _21_
day of _June_ 2012

Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Gregorio Vasquez_ am an employee formerly employed by _Shinoby Rest._ , and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_6 - 21_ , 2012

_____
Plaintiff

Sworn to before me this _21_
day of _June_ 2012

_____
Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Yan Carlos Mena , am an employee formerly employed by

Shinoby Rest. , and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
6 - 21 , 2012

_Yan Carlos Mena_

Sworn to before me this 21
day of June 2012.

_____
Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Nelson Diaz_ , am an employee formerly employed by

_Shinoby Red._ , and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
   _6 - 21_ , 2012

          _Nelson Diaz_


Sworn to before me this _21_
day of _June_ 2012

_____
Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Engels Rodriguez_, am an employee formerly employed by _Shinoby Rest._, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_6-21_, 2012

_Engels_

Sworn to before me this _21_ day of _June_ 2012.

_____
Notary Public

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _Eddy Nunez_____, am an employee formerly employed by

_Shinoby Rest._____, and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
       _June 21_____, 2012

                                        _Eddy Nunez_____

Sworn to before me this _21_
day of _June_ 2012

_____
Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Miguel Agramonte, am an employee formerly employed by

Shinoby, "NINJA", and/or related entities. I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
June 27, 2012

Miguel agramonte B

Sworn to before me this 27
day of June 2012.

_____
Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Corpus Maria Perez_, am an employee formerly employed by _Shinoby NINJA_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 27_, 2012

_CORPUS. A MARIA_

Sworn to before me this _27_
day of _June_ 2012.

_____
Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Santos Rojas_ , am an employee formerly employed by _Shinoby "Ninja"_ , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_6 - 27_ , 2012

_Santos Rojas_

Sworn to before me this _27_
day of _June_ 2012.

Notary Public

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Juan Nuñez_ , am an employee formerly employed by

_Shinoby "Ninsa"_ , and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 5_ , 2012

Sworn to before me this _5_
day of _July_ 2012.

Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015