## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue
New York, New York 10017
(212) 545-4000

        ATTORNEYS OF RECORD:
                FELICE B. EKELMAN, ESQ.
                NOEL P. TRIPP, ESQ.

------------------------------------------------------------x

KARLY ESPINAL, GREGORIO VASQUEZ, JESUCRISTO
SANTOS LUNA, YAN CARLOS MENA, NELSON DIAZ,
ENGLES RODRIGUEZ, EDDY NUNEZ, MIGUEL
AGRAMONTE-BAEZ, CORPUS PEREZ, SANTOS ROJAS-
FRIAS, and JUAN N. NUNEZ, on behalf of themselves and
others similarly situated,

                           Plaintiffs,        Civ. No.: 12-CV-5313

          -against-                        Swain, J.

SHINOBI NY LLC d/b/a/ NINJA NEW YORK, HARUO
YAZAKI, and JOHN DOES 1-10,

                        Defendants.

------------------------------------------------------------x

TO:   C.K. LEE, ESQ.
       LEE LITIGATION GROUP, PLLC
       *ATTORNEYS FOR PLAINTIFFS EDDY NUNEZ*
       *And SANTOS ROJAS-FRIAS*
       30 East 39th Street, Second Floor
       New York, NY 10016

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR CONDITIONAL COLLECTIVE CERTIFICATION AND TO AMEND THE FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ..............................................................................................................1

ARGUMENT ....................................................................................................................1

I.     PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION MUST BE DENIED BECAUSE PLAINTIFFS SETTLED THEIR CLAIMS ..................................................................................................................1

     A.    This Matter Is Settled............................................................................1

     B.    Any Disposition Of Plaintiffs' Motion Must Be Stayed Pending Ruling On the Motion to Enforce ....................................................2

II.    PLAINTIFFS' MOTION SHOULD BE DENIED REGARDLESS...............................3

III.   PLAINTIFFS' PROPOSED COLLECTIVE ACTION IS TEMPORALLY AND SUBSTANTIVELY OVERBROAD ..................................................................4

     A.    Time Period............................................................................................5

     B.    Proper Recipients ..................................................................................6

IV.   PLAINTIFFS' PROPOSED NOTICE IS DEFECTIVE .............................................7

V.    PLAINTIFFS' MOTION TO AMEND IS BOTH PREJUDICIAL AND FUTILE................................................................................................................8

     A.    Plaintiffs Cannot Establish Good Cause and the Proposed Amendments Are Prejudicial............................................................9

     B.    Retention of New Counsel Unequivocally Does Not Constitute Good Cause.......................................................................................10

     C.    Plaintiffs' Motion To Amend Is Futile As to Most Proposed Claims.........................................................................................11

CONCLUSION.................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alexander v. Westbury Union Free Sch. Dist.*,
829 F. Supp. 2d 89 (E.D.N.Y. 2011) ...................................................................10

*Anglada v. Linens 'n Things, Inc.*,
2007 U.S. Dist LEXIS 39105 (S.D.N.Y. April 26, 2007) ......................................6

*Beery v. Quest Diagnostics*,
2013 U.S. Dist. LEXIS 95096 (D.N.J. July 8, 2013).............................................2

*Bilbao v. Bros. Produce*,
2013 U.S. Dist. LEXIS 65812 (S.D. Fla. May 7, 2013) .........................................2

*Contracto Ltd. v. Fast Search & Transfer Int'l*,
2012 U.S. Dist LEXIS 97037 (E.D.N.Y. July 12, 2012).........................................2

*Dawson v. Pelican Mgmt.*,
2012 U.S. Dist LEXIS 85055 (E.D.N.Y. June 1, 2012) .......................................10

*Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC*,
2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. Mar. 23, 2012) ....................................11

*Fahmy v. Duane Reade, Inc.*,
2005 U.S. Dist. LEXIS 20929 (S.D.N.Y. Sept. 26, 2005).......................................9

*Field Day, LLC v. County of Suffolk*,
2013 U.S. Dist. LEXIS 1074 (E.D.N.Y. Jan. 3, 2013) ........................................10

*Francis v. HBO, Inc.*,
2005 U.S. Dist. LEXIS 7723 (S.D.N.Y. Apr. 28, 2005)..........................................2

*Garcia v. La Revise Assocs. LLC*,
2011 U.S. Dist. LEXIS 3325 (S.D.N.Y. Jan. 13, 2011).........................................11

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523, 1526, 185 L. Ed. 2d 636 (2013) ..................................................2

*Grochowski v. Phoenix Constr.*,
318 F.3d 80 (2d Cir. 2003).........................................................................................9

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
112 F.R.D. 417 (S.D.N.Y. 1986)...............................................................................9

*Hernandez v. Immortal Rise, Inc.*,
  2013 U.S. Dist. LEXIS 56658 (E.D.N.Y. Apr. 19, 2013) ......................................................10

*Hinterberger v. Catholic Health Sys.*,
  2009 U.S. Dist. LEXIS 97944 (W.D.N.Y., Oct. 21, 2009)......................................................7

*Ireland v. Buckley*,
  2004 U.S. Dist. LEXIS 30961 (N.D.N.Y. Nov. 3, 2004) .........................................................9

*Kong Shun Ni v. Tian Yu Inc.*,
  2012 U.S. Dist. LEXIS 163516 (S.D.N.Y. Nov. 13, 2012)......................................................3

*Lamothe v. Town of Oyster Bay*,
  2011 U.S. Dist. LEXIS 120843 (E.D.N.Y. Oct. 19, 2011)......................................................9

*Laroque v. Domino's Pizza*,
  557 F. Supp. 2d 346 (E.D.N.Y. 2008) ...................................................................................6

*Levinson v. Primedia Inc.*,
  2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) .........................................................7

*Levy v. Town of North Hempstead*,
  2012 U.S. Dist. LEXIS 133340 (E.D.N.Y. Sept. 18, 2012)......................................................2

*Lopez v. Bombay Pizza Co.*,
  2012 U.S. Dist. LEXIS 158077 (S.D. Tex. Nov. 5, 2012).......................................................6

*Lujan v. Cabana Mgmt.*,
  2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011)............................................................5

*McBeth v. Gabrielli Truck Sales, Ltd.*,
  768 F. Supp. 2d 396 (E.D.N.Y. 2011) ...................................................................................6

*Monger v. Cactus Salon & Spas's LLC*,
  2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009) ..........................................................6

*Morris v. Lettire Constr., Corp.*,
  896 F. Supp. 2d 265 (S.D.N.Y. 2012).................................................................................4, 5

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)..................................................................................................3

*Owen v. Golf & Tennis Pro Shop, Inc.*,
  2010 U.S. Dist. LEXIS 107143 (E.D. Tex. Oct. 7, 2010) .......................................................4

*Paguay v. Barbasso, Inc.*,
  2012 U.S. Dist. LEXIS 99252 (S.D.N.Y. July 17, 2012) ......................................................6, 7

*Parker v. Columbia Pictures Indus.*,
   204 F.3d 326 (2d Cir. 2000)......................................................................................8, 9

*Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 631 (D. Colo. 2002)......................................7

*Reach Music Publ. v. Warner/Chappell Music, Inc.*,
   2010 U.S. Dist. LEXIS 78402 (S.D.N.Y. Aug. 3, 2010)........................................10

*Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*,
   215 F.R.D. 100 (S.D.N.Y. April 9, 2003)...............................................................8, 9

*Ricciardi v. Kimco Facilities Servs. Corp.*,
   2012 U.S. Dist. LEXIS 183962 (E.D.N.Y. June 12, 2012) ....................................10

*Ritz v. Mike Rory Corp.*,
   2013 U.S. Dist. LEXIS 67840 (E.D.N.Y. May 13, 2013) ....................................4, 5

*Rosario v. Valentine Ave. Disc. Store, Co.*,
   828 F. Supp. 2d 508 (E.D.N.Y. 2011) .......................................................................6

*Schulte v. New York*,
   533 F. Supp. 31 (E.D.N.Y. 1981) ..............................................................................3

*Scott v. N.Y.C. Dep't of Corr.*,
   445 F. App'x 389 (2d Cir. 2011) .............................................................................10

*Seenaraine v. Securitas Sec. Servs. USA, Inc.*,
   37 A.D.3d 700 (2d Dep't 2007).................................................................................11

*Shajan v. Barolo, Ltd.*,
   2010 U.S. Dist. LEXIS, 54581 (S.D.N.Y. June 2, 2010).........................................7

*Sidz, et al. v. E&M ESR, Inc.*,
   E.D.N.Y. 12-CV-4525 ............................................................................................4, 5

*Sobczak v. AWL Indus., Inc.*,
   540 F. Supp. 2d 354 (E.D.N.Y. 2007) .......................................................................6

*Sokol Holdings, Inc. v. BMB Munai, Inc.*,
   2009 U.S. Dist. LEXIS 72659 (S.D.N.Y. Aug. 17, 2009)........................................9

*Telesca v. Long Island Hous. P'ship*,
   2006 U.S. Dist. LEXIS 24311 (E.D.N.Y. Apr. 27, 2006) ........................................3

*Tolentino v. C & J Spec-Rent Servs.*,
   716 F. Supp. 2d 642 (S.D. Tex. 2010) .......................................................................5

iv

*Vasquez v. Vitamin Shoppe Indus.*,
    2011 U.S. Dist. LEXIS 74376 (S.D.N.Y. July 11, 2011) ........................................................3

*Walker v. HongHua Am., LLC*,
    870 F. Supp. 2d 462 (S.D. Tex. 2012) ..........................................................................5

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011).........................................................................6

### STATUTES

N.Y. Labor Law 195 ...........................................................................................10, 11

### OTHER AUTHORITIES

12 NYCRR 137-1.2 ..................................................................................................12

12 NYCRR 146-1 et seq. ............................................................................................11

Fed. R. Civ. P. 15....................................................................................................8, 11

Fed. R. Civ. P. 16................................................................................................8, 9, 10

N.Y.S. Dep't of Labor Opinion Letter, 3/16/07, File No. RO-07-0009 ..........................11

## PRELIMINARY STATEMENT

Plaintiffs Nunez and Rojas-Frias, through new counsel, seek to manufacture a collective action in this settled Fair Labor Standards Act (FLSA) matter.   As set forth in Defendants' Motion to Enforce the settlement (DKT 56-58, "Motion"), this action was filed last July, negotiations began in earnest in December 2012, and Plaintiffs' claims were settled in February 2013.   In late March, no longer satisfied with the settlement they agreed to (and which fairly compensates them for their modest claims under the FLSA and New York law), Plaintiffs retained new counsel, through whom they sought to repudiate the settlement and expand this action.   Plaintiffs' request must be denied.   Regardless of the disposition of Defendants' Motion (which should be granted), this case should not be sent back to square one (*i.e.*, an FLSA conditional certification motion), and Plaintiffs' Motions for Conditional Collective Certification and to Amend the First Amended Complaint must be denied.

## BACKGROUND

Defendants refer to the recitation set forth in their Motion and supporting papers. DKT 57; DKT 58 at 1-3.   In the face of the Motion (in this year-old litigation) Plaintiffs now move for an overbroad collective action and to interpose additional claims, as though coming to this case anew.

## ARGUMENT

### I.   PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION MUST BE DENIED BECAUSE PLAINTIFFS SETTLED THEIR CLAIMS

#### A.   This Matter Is Settled

As set forth in Defendants' Motion, Plaintiffs resolved their claims through counsel.   Their opposition to the binding settlement centers around a single sentence in their

untested affidavits refuting the actual authority of their attorney. DKT 52 ¶ 9; DKT 59 ¶ 10. Resolution of Plaintiffs' claims by settlement precludes conditional certification.

It hardly bears reciting that if Plaintiffs' claims are settled, this matter must be dismissed. *Francis v. HBO, Inc.*, 2005 U.S. Dist. LEXIS 7723, at *12 (S.D.N.Y. Apr. 28, 2005)(granting motion to enforce and closing case). Even the presence of *actual* opt-in Plaintiffs, to say nothing of mere putative collective allegations, would not militate against dismissal of this action. *Bilbao v. Bros. Produce*, 2013 U.S. Dist. LEXIS 65812, at *6 (S.D. Fla. May 7, 2013)(observing that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied" and dismissing action despite presence of opt-in forms filed after case was moot) *quoting Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1526, 185 L. Ed. 2d 636 (2013). *Beery v. Quest Diagnostics*, 2013 U.S. Dist. LEXIS 95096 (D.N.J. July 8, 2013)(citing *Genesis* and dismissing Equal Pay Act collective action where named Plaintiffs' claims were subject to dismissal based on contractual agreement to arbitrate, despite presence of opt-in Plaintiffs). If Plaintiffs' claims are resolved (and they are), this action must be dismissed.

**B.      Any Disposition Of Plaintiffs' Motion Must Be Stayed Pending Ruling On the Motion to Enforce**

If Plaintiffs' claims are resolved, there can be no collective action, making the Motion the threshold issue in this case. Courts consistently stay other motions and discovery where a dispositive issue potentially resolves litigation, because such issues constitute "good cause" to do so. *Levy v. Town of North Hempstead,* 2012 U.S. Dist. LEXIS 133340 (E.D.N.Y. Sept. 18, 2012)(granting stay of discovery pending dispositive motion and collecting authority); *Contracto Ltd. v. Fast Search & Transfer Int'l*, 2012 U.S. Dist LEXIS 97037 (E.D.N.Y. July 12,

2012)(granting stay pending motion to dismiss); *Telesca v. Long Island Hous. P'ship*, 2006 U.S. Dist. LEXIS 24311 (E.D.N.Y. Apr. 27, 2006) (same). This matter should be handled in the same fashion: with an orderly determination on the Motion to Enforce (on as full a record as the Court deems necessary), followed by any necessary discovery as to Plaintiffs' claims, should they survive the Motion.

## II.    PLAINTIFFS' MOTION SHOULD BE DENIED REGARDLESS

The traditional "two-stage" certification process under the FLSA contemplates that a motion for conditional certification be made at the outset of a case, prior to discovery. *Vasquez v. Vitamin Shoppe Indus.*, 2011 U.S. Dist. LEXIS 74376, at *7-8 (S.D.N.Y. July 11, 2011)(Swain, J.) *citing Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). This case and Plaintiffs' motion for certification meet neither of these criteria. Indeed, this action is a year old, and has seen the production of hundreds of pages of records by Defendants, as Plaintiffs concede (DKT 54 at 2, acknowledging "voluminous discovery responses"), as well as the dismissal of ten purportedly similar claims. DKT 1, 48. This case is not at an "early juncture" where a "merely preliminary" determination is appropriate. *Vasquez*, 2011 U.S. Dist. LEXIS 74376, at *8 (internal quotes omitted). Conditional certification here cannot serve the "first stage" purpose contemplated by the Second Circuit in *Myers*. 624 F.3d at 555.

Indeed, the proposed motion practice "has the potential for delaying the resolution of the claims of the original parties." *Kong Shun Ni v. Tian Yu Inc.*, 2012 U.S. Dist. LEXIS 163516, at *3 (S.D.N.Y. Nov. 13, 2012)(denying motion to amend to add additional FLSA plaintiffs); *Schulte v. New York*, 533 F. Supp. 31, 37 (E.D.N.Y. 1981)("Because class certification would unduly delay these proceedings, the motion to certify a plaintiff class should be denied on this ground as well"). As set forth below with respect to Plaintiffs' Motion to

Amend their Complaint, the proposed commencement of a collective action is hugely prejudicial. Sending this case back to the "first stage" would entail extensive redundant work on the part of defense counsel and indeed re-litigation of this matter. Denial of Defendants' Motion to Enforce should result only in an expedited discovery schedule, not the commencement of a collective action at the "first stage."

## III.   PLAINTIFFS' PROPOSED COLLECTIVE ACTION IS TEMPORALLY AND SUBSTANTIVELY OVERBROAD

Even if the Court were to consider a grant of Plaintiffs' motion at this time, any collective action conditionally certified would have to be tailored to the evidentiary submission. As the two Complaints filed in this matter demonstrate, the challenged practices at issue pertain solely to certain kitchen workers. DKT 1 ¶¶ 17-27. The challenged practices ended on or about August 20, 2012. *See* Affidavit of Rieko Takamiya ("Takamiya Aff."), submitted herewith ¶ 2. Thus, the broadest possible collective action the court could certify this time would consist of purportedly similar kitchen workers employed between the point three years prior to the Court's decision to grant such conditional certification[1] and August 20, 2012, the practice end date. *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012)*; Sidz, et al. v. E&M ESR, Inc.*, E.D.N.Y. 12-CV-4525, DKT 23-25 and 30.

---

[1] As set forth below, FLSA conditional certification and notice is properly limited to individuals deemed similarly situated who were employed within three years of the date of decision, and thus possess potential viable claims. *See Ritz v. Mike Rory Corp.*, 2013 U.S. Dist. LEXIS 67840 (E.D.N.Y. May 13, 2013)(denying request for reconsideration of order limiting notice to those employed within three years of order of conditional certification, and explaining that FLSA expressly contemplates such a limitation); *Owen v. Golf & Tennis Pro Shop, Inc.*, 2010 U.S. Dist. LEXIS 107143 (E.D. Tex. Oct. 7, 2010)(correcting earlier order and limiting notice to group with timely FLSA claims based on maximum three-year period).

A.      **Time Period**

In *Morris* and *Sidz*, Judges Buchwald and Bianco confronted identical unsupported requests from FLSA Plaintiffs to extend notice through to present day, in the face of unrebutted evidence of a policy change. Rightly, both Courts rejected such requests. *Morris*, 896 F. Supp. 2d at 272-3; *Sidz* DKT 30 ¶ 1. Here, Plaintiffs last were employed in June 2012 and January 2011, respectively. Takamiya Aff. ¶¶ 4,5; DKT 52 ¶ 3; DKT 59 ¶ 1. Their affidavits, as they must, reflect only what they allege to have observed "during their employment." DKT 52 ¶ 3; DKT 59 ¶ 1. Under *Morris* and *Sidz*, no notice can issue based on their Affidavits and the undisputed evidence contained in the Takamiya Affidavit for the period after August 20, 2012 establishing that the alleged challenged practice was changed. *See also Walker v. HongHua Am., LLC*, 870 F. Supp. 2d 462, 472-473 (S.D. Tex. 2012)("policy change demonstrates that those employed by Defendant [after January 12, 2012] are not 'similarly situated' to those employed before that time, as they are not together 'victims of a single decision, policy, or plan,' regardless of whether FLSA violations continued to occur after that time"); *Tolentino v. C & J Spec-Rent Servs.*, 716 F. Supp. 2d 642, 654 (S.D. Tex. 2010)(placing end date based on un-rebutted policy change).

Plaintiffs' proposed notice also indicates that notice should issue to individuals employed outside the FLSA's maximum three-year limitations period. DKT 50 at Ex. A. This is incorrect. While certain courts have permitted notice to individuals outside the FLSA period, the weight of authority (and the more common sense approach) is to limit notice to the group of individuals potentially eligible to join the collective action. *Ritz, supra*; *Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, at *22 (E.D.N.Y. Feb. 1, 2011)(observing that "The purpose of the instant [conditional certification] motion is to notify and inform those eligible to opt in to the

5

collective action, and time-barred former employees may not do so. This Court sees no purpose in sending such employees a notice informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification"); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011)("growing trend in this district appears to be limiting the notice period to three years"); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011)("Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice")(citations omitted); *Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *26 (S.D.N.Y. April 26, 2007)("[U]sage of the three year date from the issuance of the notice is more in keeping with § 256(b)"); *Monger v. Cactus Salon & Spas's LLC*, 2009 U.S. Dist. LEXIS 60066, at *8 n.2 (E.D.N.Y. July 6, 2009); *Laroque v. Domino's Pizza*, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008); *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007).

### B.    Proper Recipients

Under this Court's decision in *Paguay v. Barbasso, Inc.*, 2012 U.S. Dist. LEXIS 99252 (S.D.N.Y. July 17, 2012), notice is also properly limited to "back of the house" workers purportedly paid in a fashion similar to Plaintiffs. *Id.* at *5-7 (conditionally certifying FLSA action but excluding waiters).  Plaintiffs worked only as dishwashers and/or as cooks. DKT 52 ¶ 1; DKT 59 ¶ 1.  Under *Paguay,* the Court should limit the notice to employees subject to the alleged "policy."  *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 518 (E.D.N.Y. 2011)(limiting conditional certification to other merchandise and maintenance workers, and declining to include other non-exempts);  *Lopez v. Bombay Pizza Co.*, 2012 U.S.

Dist. LEXIS 158077 (S.D. Tex. Nov. 5, 2012)(Plaintiff did not provide "*competent evidence* of a pay practice or plan affecting all nonexempt hourly employees. Instead, the testimonial evidence presented indicates a pay practice that allegedly affects cooks at [Defendant]" and collective notice properly limited to cooks).  Plaintiffs' conclusory statements regarding other workers should be rejected.  DKT 59 ¶ 2; *Levinson v. Primedia Inc.*, 2003 U.S. Dist. LEXIS 20010, at *4-5 (S.D.N.Y. Nov. 6, 2003)(denying motion for conditional certification and noting, "[w]hile plaintiffs have provided factual assertions in support of the claim…that *they* were deprived of a minimum wage and overtime rates, they have failed to make a sufficient showing that the same was true for *other* potential plaintiffs")(first emphasis in original).

## IV.   PLAINTIFFS' PROPOSED NOTICE IS DEFECTIVE

In *Paguay*, this Court approved an FLSA notice and notice process.  Case No. 11-CV-06266, DKT 29, 07/17/12.  Should notice issue in this case, Defendants request a notice and notice process similar to *Paguay*, with two notable exceptions.

First, notice should issue solely via first class mail.  First class mail is the "best notice practicable" and should be the sole manner of dissemination of any notice.  *See Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944 (W.D.N.Y., Oct. 21, 2009) (collecting cases); *Shajan v. Barolo, Ltd.*, 2010 U.S. Dist. LEXIS, 54581, at *5 (S.D.N.Y. June 2, 2010) ("since all current employees will be receiving the notice [by mail] there is no need to require posting").  This is particularly the case where, as here, the collective action does not extend to present day (nor encompass all of Defendant Shinobi's employees) and a notice posting will inevitably cause confusion amongst eligible and ineligible workers.  *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 631 (D. Colo. 2002)("First class mail ensures, at the outset, that the

appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process").

Second, as set forth above, the notice group must be limited to individuals with a potential claim under the FLSA, those employed between the date three years prior to the Court's order and August 20, 2012.

## V.     PLAINTIFFS' MOTION TO AMEND IS BOTH PREJUDICIAL AND FUTILE

Plaintiffs' Motion to Amend erroneously states that Plaintiffs' request is governed by FRCP 15. DKT 54 at 7.  Rather, a plaintiff seeking to amend a complaint after the deadline set by the Court has passed must show "good cause" for the amendment under Rule 16(b), before proceeding to the analysis required by Rule 15.  *See, e.g., Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) ("the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings"); *see also* Fed. R. Civ. P. 16(b)(4)(case management schedule "may be modified *only* for good cause and with the judge's consent")(emphasis added). This is because "[i]f Rule 15(a) is considered without regard to Rule 16(b), scheduling orders could be rendered meaningless and Rule 16(b) would be rendered nugatory." *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100 (S.D.N.Y. April 9, 2003).

The deadline to apply to amend the pleadings in this matter was December 31, 2012.  DKT 27 ¶ 1.  The deadline to complete all discovery was April 15, 2013.  *Id.* ¶ 2.  Even leaving aside issues relating to the enforceable settlement of their claims, Plaintiffs have not demonstrated "good cause" to amend the complaint at this late juncture.

A.      **Plaintiffs Cannot Establish Good Cause and the Proposed Amendments Are Prejudicial**

The "good cause" requirement is intended to ensure that "at some point both the parties and the pleadings will be fixed." *(See* Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)); *see also Parker,* 204 F.3d at 340.  A showing of good cause depends upon the diligence of the moving party.  *See, e.g., Parker,* 204 F.3d at 340.  Plaintiffs cannot demonstrate due diligence where they did not seek leave to amend until long after the deadline for amendment.  *See, e.g., Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) (finding the district court did not abuse its discretion in denying plaintiffs' motion to amend where plaintiffs were not diligent in seeking to amend complaint); *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.,* 112 F.R.D. 417, 418, 421-22 (S.D.N.Y. 1986).  Further, "the movant must show that the deadlines [could] not be reasonably met despite its diligence." *Fahmy v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 20929, at *10 (S.D.N.Y. Sept. 26, 2005) (*quoting Rent-A-Center,* 215 F.R.D. at 104).  Importantly, this standard "is not satisfied when the proposed amendment rests on information 'that the *party* knew or should have known, in advance of the deadline." *Lamothe v. Town of Oyster Bay*, 2011 U.S. Dist. LEXIS 120843, at *16 (E.D.N.Y. Oct. 19, 2011) (*citing Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 U.S. Dist. LEXIS 72659, at *24 (S.D.N.Y. Aug. 17, 2009))(emphasis added).  "Mistake or inadvertence will not support a finding of good cause." *Ireland v. Buckley*, 2004 U.S. Dist. LEXIS 30961 (N.D.N.Y. Nov. 3, 2004).  Finally, a defendant has a valid "interest in and right to an expeditious determination of the claims against [it]." *See, e.g., H.L. Hayden Co. of NY., Inc.,* 112 F.R.D. at 421 (citations omitted).

Plaintiffs cannot meet the good cause test.  The purported "violations" alleged in the first two Complaints in this matter (each of which was more than 190 paragraphs in length)

did not, as Plaintiffs now allege, "put [Defendants] on notice of their other [alleged] New York Labor Law violations." DKT 54 at 4-5. No mention of those claims is made. *See generally* DKT 1, 20. The information pertaining to these purported claims – which claims Defendants dispute – was in Plaintiffs' possession (as their employment had already concluded), and their motion must be denied. *Hernandez v. Immortal Rise, Inc.*, 2013 U.S. Dist. LEXIS 56658, at *5-9 (E.D.N.Y. Apr. 19, 2013)(denying motion to amend complaint in wage action to add individual defendant of whom plaintiffs were already aware); *Ricciardi v. Kimco Facilities Servs. Corp.*, 2012 U.S. Dist. LEXIS 183962 (E.D.N.Y. June 12, 2012)(denying motion to amend wage action to add new substantive claims "ten months after the deadline for doing so") *adopted by* 2013 U.S. Dist. LEXIS 957 (E.D.N.Y. Jan. 3, 2013). This Court has applied Rule 16 to reject prejudicial amendments, and should do so again here. *Reach Music Publ. v. Warner/Chappell Music, Inc.*, 2010 U.S. Dist. LEXIS 78402, at *7-8 (S.D.N.Y. Aug. 3, 2010). *See also Dawson v. Pelican Mgmt.*, 2012 U.S. Dist LEXIS 85055 (E.D.N.Y. June 1, 2012)(denying motion to amend complaint made more than one year after commencement of action).

**B.      Retention of New Counsel Unequivocally Does Not Constitute Good Cause**

Plaintiffs' retention of new counsel in connection with the newly-asserted claims does not serve as a basis for permitting amendment at this late date. DKT 35 (reflecting appearance of new Plaintiffs' counsel). The mere "fact that new counsel seeks to plead claims that prior counsel passed on does not establish good cause." *Field Day, LLC v. County of Suffolk*, 2013 U.S. Dist. LEXIS 1074, at *11 (E.D.N.Y. Jan. 3, 2013)(Hurley, J) *citing Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011)("[T]he apparent negligence of [plaintiff's] former attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b)"); *Alexander v. Westbury Union Free Sch. Dist.*,

829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011) ("To find good cause simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel")(internal quotation marks omitted)).   Plaintiffs' proposed amendments are measured under Rule 16 by assessment of their own diligence, and under this standard they necessarily fail.

**C.      Plaintiffs' Motion To Amend Is Futile As to Most Proposed Claims**

Plaintiffs' proposed Amended Complaint purports to allege new claims for, *inter alia*, "spread of hours" pay and claims under amended New York Labor Law 195, commonly known as the Wage Theft Prevention Act.   DKT 54 at 2-3.   For the most part, Plaintiffs do not possess these claims, and the aspects of Plaintiffs' motion seeking to amend the complaint to include them must be denied as futile.   *Id.* at *13-14 (after determination under Rule 16, court must assess futility of amendment under FRCP 15).

As concerns spread-of-hours, prior to January 1, 2011 (when the New York Department of Labor adopted new regulations for the Hospitality Industry, 12 NYCRR 146-1 et seq.), only minimum wage workers were eligible for spread-of-hours pay, because both the New York Department of Labor and "the majority of courts of this circuit that have considered this issue" have found that "by its plain language, the spread of hours statute applies only to employees making minimum wage." *Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC*, 2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. Mar. 23, 2012)(collecting cases); N.Y.S. Dep't   of   Labor   3/16/07   Opinion   Letter   at   1,   File   No.   RO-07-0009, https://www.labor.ny.gov/legal/counsel/pdf/Minimum%20Wage%20Orders/RO-07-0009A.pdf (last visited July 7, 2013)); *Seenaraine v. Securitas Sec. Servs. USA, Inc.*, 37 A.D.3d 700, 701-02 (2d Dep't 2007)(deferring to NYSDOL position). This includes this Court, which in other hospitality industry wage litigation has correctly stated the rule as requiring "one hour's pay at

11

the basic minimum hourly wage rate before allowances, in addition to the minimum wage otherwise required." *Garcia v. La Revise Assocs. LLC*, 2011 U.S. Dist. LEXIS 3325, at *24 (S.D.N.Y. Jan. 13, 2011)(Swain, J).

Neither Plaintiff was a minimum wage worker. Takamiya Aff. ¶¶ 4-5; 12 NYCRR 137-1.2 (minimum wage of $7.15/hour from January 1, 2007 to July 23, 2009 and of $7.25 from July 24, 2009 to December 31, 2010). Each received substantially more than minimum wage. Thus, neither can state a claim for spread-of-hours pay for the period prior to January 1, 2011, and such claims must be rejected as futile.

As concerns a claim under N.Y. Labor Law 195(1)(a), the requirement to provide the "annual notice" required by that section was effective January, 2012. *Id.* (statute effective April 9, 2011, requiring annual notice in each succeeding January). Plaintiff Rojas-Frias unequivocally does not possess such a claim, as his employment ended in early 2011. Takamiya Aff. ¶ 5; DKT 59 ¶ 2.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motions for conditional certification of a collective action and to amend the Amended Complaint in this matter should be denied. Plaintiffs should be bound by the settlement agreement. Alternatively, this matter should proceed on an expedited track to trial readiness under the current Complaint.

Dated: New York, New York
      July 12, 2013

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue, 29th Fl.
New York, New York 10017
(212) 545-4000

By:    _____
          FELICE B. EKELMAN, ESQ.
          NOEL P. TRIPP, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, the **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR CONDITIONAL COLLECTIVE CERTIFICATION AND TO AMEND THE FIRST AMENDED COMPLAINT** was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

C.K. LEE, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFFS EDDY NUNEZ*
*And SANTOS ROJAS-FRIAS*
30 East 39th Street, Second Floor
New York, NY 10016

NOEL P. TRIPP, ESQ.

4817-2896-5396, v. 1